GREENE, BROILLET & WHEELER LLP
Christine D. Spagnoli (SBN 126353)
cspagnoli@gbw.law
222 N. Pacific Coast Highway, Suite 2100
P.O. Box 955
El Segundo, California 90245
Tel.: (310) 576-1200 / Fax: (310) 576-1220

NELSON & FRAENKEL, LLP
Gretchen Nelson (SBN 112566)
gnelson@nflawfirm.com
Gabriel S. Barenfeld (SBN 224146)
gbarenfeld@nflawfirm.com
601 So. Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: (844) 622-6469 / Fax: (213) 622-6019

*Attorneys for Plaintiff and the Proposed Class*

[See next page for counsel for Defendant]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MARGARET STEVENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRITAX CHILD SAFETY, INC.,<br><br>Defendant. | Case No.: 2:20-cv-07373-MCS-AS<br><br>CLASS ACTION<br><br>**JOINT REPORT PURSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:        October 4, 2021<br>Time:       10:00 AM<br>Courtroom:  7C |

Plaintiff Margaret Stevens ("Plaintiff"), individually and on behalf of the proposed Class, and defendant Britax Child Safety, Inc. ("Britax" or "Defendant"), by and through their undersigned counsel, respectfully submit this joint report pursuant to Federal Rules of Civil Procedure 26(f).

**A. Statement of the Case**

**Plaintiff's Statement of the Case**

<u>Summary of Plaintiff's Allegations</u>. Britax manufactures and sells two models of similar, and similarly defective, car seats—the Frontier ClickTight Harness-2-Booster Seat ("Frontier") and the Pioneer Harness-2-Booster Seat ("Pioneer"). Both are equipped with a 5-point harness that incorporates a shoulder-belt adjustment system. Plaintiff alleges that, during foreseeable use, including in moderate-speed impacts, a failure in the component connecting the harness to the steel frame leaves the child occupant with no effective upper torso restraint, which is a core purpose of any car seat.

Plaintiff further claims that Britax learned of the issue as early as 2015, when it received a copy of a test performed by a leading expert in the area of car seat design, showing that a seat with a similar harness attachment system broke in the same way that Consumer Reports testing would demonstrate four years later, in 2019. The Consumer Reports testing showed that the hardware failure in real-world testing conditions left children effectively unrestrained. And Britax is well-aware of the real-world consequences, as there is a pending lawsuit by the parents of a child who died because of the defect.

Britax claims that by selling car seats that comply with the FMVSS, it has upheld its end of the bargain, and such seats cannot be found defective. But Plaintiff alleges a material defect that impairs the essential function of the child seats. That the seats comply with the FMVSS does not mean they are safe. (Doc 43, at pp. 6, 7, 10.) Meeting minimum safety standards does not give Britax license to ignore known safety defects.

Britax sold the Frontier and Pioneer and did not alert its current, former, or future customers of the defect (although now both the Frontier and Pioneer have quietly been "retired" according to Britax's website). Instead, Britax marketed the products with claims of optimal safety, restraint and "impact protection," and did not disclose the defect to unsuspecting parents.

Plaintiff Margaret Stevens purchased a new Frontier car seat in 2017. When she later learned of the defect, she stopped using the car seat. She brings claims for economic injury caused by Britax's misrepresentations and failure to alert her to the defect. Because of the defect itself, the manner in which Britax's acts and omissions caused harm, and the economic harms caused by those acts are questions common to all purchasers of the seats. Plaintiff seeks to certify a class of similarly situated California consumers.

<u>Overview of the Procedural History</u>. Plaintiff filed the original complaint on October 14, 2020, which she later amended as a matter of a right. In response, Britax filed a motion to dismiss and a motion to strike the First Amended Complaint. On July 13, 2021, the Court entered an order denying Britax's motion to strike, and granting Britax's motion to dismiss in part and denying it in part. (Doc. 43 at 13.)

Plaintiff filed her Second Amended Complaint ("SAC") on July 27, 2021, asserting claims for (1) Violations of the CLRA, Cal. Civil Code §1750, (2) Violations of the FAL, Cal. Bus. & Prof. Code § 17500, (3) Breach of Implied Warranty, Cal. Civil Code §§ 1791-1794, and (4) Quasi-Contract. (Doc. 44.) The SAC seeks to certify a Class of California consumers who purchased Britax's Frontier or Pioneer model car seats. The Class period commences four years prior to the filing of the complaint. (*Id.* at ¶ 56.) Britax answered the SAC on August 10, 2021. (Doc. 47.)

**Defendant's Statement of the Case**

***All car seats*** in the United States must meet the stringent requirements of NHTSA's Federal Motor Vehicle Safety Standard No. 213 – Child Restraint

Systems ("FMVSS 213"). The FMVSS 213 standard includes strict and comprehensive regulations pertaining to laboratory and dynamic testing procedures, crash performance, required labeling and instructions, and more. The standard is largely based on crash data, verified through testing and is continuously monitored for effectiveness. Car seats that meet or exceed the applicable requirements of FMVSS 213 are deemed safe and may be sold to consumers.

Plaintiff does not think FMVSS 213 is adequate. And she has a single March 2019 Consumer Reports article to back her up. That article, entitled, "Child Car Seats From Britax, Cosco, Graco, and Harmony Break in CR's Tests: All of them provide a basic margin of safety, but the results raise concerns" (the "Article"), fits in with the other 72,000,000 pieces of information on car seats found on Google. It is now the sole basis of this lawsuit.

With 25 years of experience in the United States built upon an 80-plus-year safety heritage, Britax manufactures, markets and sells child car seats that comply with the applicable requirements of FMVSS 213. Britax, like other car seat manufacturers, includes safety information on its website, social media, product packaging, instruction manuals, and on-product labeling pertaining to the safety of its car seats, including for the two car seats singled out in the First Amended Complaint – the Britax Frontier ClickTight Harness-2-Booster and the Britax Pioneer Harness-2-Booster. Plaintiff does not allege that the Class Child Seats do not meet the applicable safety standards set out in FMVSS 213. Instead, Plaintiff alleges that they are "defective" due to a Consumer Reports article.

The Article indisputably employed a testing protocol not verified or approved by any federal agency. Indeed, NHTSA recently rejected a proposal to adopt a similar test velocity as used in the Consumer Report's protocol stating that there is "no safety need to increase crash pulse." Plaintiff relies on the Article to allege that the Class Child Seats are not safe and to challenge Britax's generalized statements about its superior safety record as a car seat manufacturer. Plaintiff points to several

generalized statements made by Britax – many of which are not specific to the Class Child Seats – from a universe of public information, and disputes the adequacy of those statements in the abstract based entirely on one Article, rather than in context. Plaintiff points to no other evidence that the Class Child Seats covered by the Article are unsafe; in fact, the Article does not claim that the Car Seats are unsafe, only that they could be safer. Plaintiff's only claim is economic harm alleging that she would have paid less for her Frontier had she known about the Article.

Plaintiff has not suffered an injury in fact and faces no threat of immediate harm. Plaintiff admits that she purchased the Frontier and used it for years without incident and that the Frontier worked as represented. There are also no plausible allegations that the Frontier or the Pioneer's market value would have been less had Britax made different representations or disclosed the findings of the Article.

### B. Subject Matter Jurisdiction

The parties agree this Court This Court has subject matter jurisdiction over the remaining claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court declined to dismiss this action on primary jurisdiction grounds. (Doc. 43 at 6-7.)

### C. Legal Issues

The key legal issues include, but are not limited to, the following:

- Whether any or all of Plaintiff's remaining claims are susceptible to treatment on a classwide basis;
- Whether Britax had a duty to disclose the safety hazard to the Class;
- Whether Britiax made material misrepresentations and/or omissions to the Class;
- Whether Britax's acts and omissions give rise to liability under the CLRA, FAL, Implied Warranty, and Quasi-Contract;
- Whether Plaintiff and the Class are entitled to damages, restitution, or other relief sought in this Complaint;

- The difference between the Class Child Seats' actual value and the amount of money Plaintiff and the Class paid for the Class Child Seats and;
- The substantive merits of Defendant's affirmative defenses.

The parties do not at this point anticipate any unusual substantive, procedural, or evidentiary issues.

**D.   Parties, Evidence, etc.**

**D1. Parties**. The parties are Margaret Stevens (Plaintiff) and Britax Child Safety, Inc. (Defendant).

**D2. Percipient Witnesses.** Plaintiffs anticipate discovery of percipient witnesses within Britax regarding (a) the design and development of the subject products and any similar products that are based on the same design defect; (b) Defendant's quality systems management as it pertains to the products; (c) post-market surveillance of the products (e.g., complaints and other similar incidents-type evidence regarding the products); (d) Defendant's representations and omissions in public-facing communications (e.g., labeling and marketing); (e) the existence, nature, and cause of the defect; (f) the timing and substance of notice to Defendant of the defect and resulting acts or omissions in light of such notice; (g) and factual issues connected to Rule 23 prerequisites, including classwide damages (e.g., unit sales, pricing data, revenues, etc.); and (h) Britax employee, Sarah Tilton. Other witnesses will include the Wray Ward advertising agency, which handled Britax's marketing, and Gary Whitman. Plaintiff has propounded discovery that, among other things, is intended to identify percipient witnesses on these and related topics.

Defendants anticipate discovery of percipient witnesses including Plaintiff and any other witnesses disclosed during discovery.

**D3. Key Documents.**  Plaintiffs anticipate that key documents will include documents related to Plaintiff's purchase of the car seat; the car seat itself and exemplar versions of other similar models; a May 20, 2019 Consumer Reports article; Exponent Test Report EPO729; a March 16, 2015 Email from Gary Whitman

to Sarah Tilton; marketing documents; documents providing instructions and information about Britax's car seats; and design documents related to the harness attachment system for the Pioneer, Frontier, and other similar model seats, and testing documents for those seats.

Defendants anticipate that key documents will include documents related to Plaintiff's purchase of the car seat; the car seat itself; and the FMVSS 213 standard with its supporting documents.

**D4. Identification of All Subsidiaries, Parents, and Affiliates.**

Britax U.S. Holdings, Inc. is the parent company of Defendant Britax Child Safety, Inc.

**E.  Damages**

Ms. Stevens paid $272.00 for her Frontier car seat. Calculation of classwide damages will depend on unit sales, product prices, revenue data, and the like. Plaintiff has obtained national sales numbers but has yet to obtain the full scope of such information for California. Plaintiff has requested that such information be provided as a priority item in discovery. Plaintiff may also rely upon economic modeling and other expert testimony that has yet to occur.

**G.  Motions**

Based on information currently available, Plaintiff does not anticipate the need to add parties or claims. Plaintiff may seek to add to the list of subject products any models that discovery reveals are substantially similar in relevant ways to the Frontier and Pioneer models. Defendant foresees a motion for summary judgment and any discovery motions that may become necessary. The parties do not foresee any motions to transfer venue.  Defendant will oppose any motion for class certification.

**H.  Dispositive Motions**

Plaintiff has not, as of now, identified any candidate issues for summary judgment. Defendant anticipates filing a motion for summary judgment.

## I. Manual for Complex Litigation

The parties do not foresee utilization of procedures in the Manual for Complex Litigation other than Chapter 21 ("Class Actions").

## J. Status of Discovery

Plaintiff served her initial sets of interrogatories, requests for production of documents, and requests for admission on the day of the Rule 26(f) conference, subject to the below discovery plan.

## K. Discovery Plan

*ESI & PO.* The parties anticipate disclosure and discovery of ESI and the need for a protective order. The parties have drafted a protective order that tracks the form protective order posted by the Honorable Alka Sagar. The Parties believe ESI and protective order issues will be resolved without the need for a Rule 16 conference.

*Phasing Discovery.* The parties have exchanged extensive written communication and have also had several telephonic communications regarding a potential resolution of the case. A **private mediation is scheduled for November 2, 2021**. The parties believe that the case is in a position for the mediation to be meaningful and are hopeful that it will be successful. The parties have discussed initially exchanging discovery necessary for an eyes-open mediation, deferring other discovery, which will be both time-consuming and costly, until after the mediation (if the case does not settle). Accordingly, the parties' proffered Schedule of Class Certification Dates (incorporated below) extends the Court's preferred class certification deadlines by 60 days.

The parties recognize the Court's directive that it will not bifurcate class and merits discovery and do not believe discovery should be phased or otherwise limited with the potential exception of the parties initially exchanging information focussed on facilitating the upcoming mediation.

The parties may each have reason to conduct Rule 34 inspections (Plaintiff of Defendant's products and Defendant of Ms. Stevens' car seat, which has been preserved).

If the parties' proposed schedule is adopted, the parties will provide complete Rule 26(a) disclosures on November 16, 2021 – two weeks after the mediation (if it is unsuccessful). Should the Court decline to extend the Class Certification deadlines, however, the parties will provide initial disclosures within two weeks of the issuance of the Courts' scheduling order.

The general subject matters on which each party intends to pursue discovery are described in ¶ D2 above.

The parties propose the following schedule:

**Schedule of Class Certification Dates**

| Class Certification | Proposed Date |
| --- | --- |
| Deadline to File a Motion for Class Certification | 04/02/2022 (Mon) |
| Deadline to File Opposition to the Motion for Class Cert | 04/25/2022 (Mon) |
| Deadline to File a Reply | 05/16/2022 (Mon) |
| Hearing Date for a Motion on Class Cert | 06/06/2022 (Mon) |
| Non-Expert Discovery Cut-Off | 08/26/2022 (Fri) |
| Expert Disclosure (Initial) | 09/09/2022 (Fri) |
| Expert Disclosure (Rebuttal) | 09/30/2022 (Fri) |
| Expert Discovery Cut-Off | 10/28/2022 (Fri) |

**L.  Discovery Cut-Off**

As stated above, the parties propose a fact discovery cut-off of August 26, 2022.

**M.  Expert Discovery**

As stated above, the parties propose an expert discovery cut-off of October 28, 2022.

**N.  Settlement Conference/ADR**

The parties have discussed potential settlement scenarios and exchanged informal discovery in aid of settlement since the inception of the case. The Court's ruling on Defendant's motion to dismiss has further focused the discussions. The parties

scheduled private mediation for November 2, 2021, and have set a pre-mediation conference later this month in advance of the mediation.

### O. Trial Estimate

It is difficult to estimate the length of any potential trial as that depends heavily on whether the case is certified and which claims/issues are certified. If fully certified, the parties would estimate the need for 10 full trial days.

### P. Trial Counsel

The attorneys who will try the case for Plaintiff are Gretchen Nelson, Gabriel Barenfeld, Chris Spagnoli, and Troy Rafferty.

The attorneys who will try the case for Defendant are Erik Swanholt, Alyssa Titche, and Kristina Fernandez-Mabrie.

### Q. Independent Expert or Master

The parties foresee no need for an independent expert or master.

R. <u>**Schedule Worksheet**</u>

The parties have incorporated above all information indicated on the Schedule of Class Certification Dates Worksheet and attach as Ex. A to this filing a completed form as provided in the Court's Order Setting Scheduling Conference (Doc. 48).

DATED: September 20, 2021

        **FOLEY & LARDNER LLP**
        Erik K. Swanholt
        Alyssa L. Titche
        Kristina M. Fernandez Mabrie

        /s/ Erik K. Swanholt
        Erik K. Swanholt
        Attorneys for Defendant BRITAX CHILD SAFETY, INC.

DATED: September 20, 2021

        **NELSON & FRAENKEL LLP**
        Gretchen M. Nelson
        Gabriel S. Barenfeld

        By: /s/ Gabriel S. Barenfeld
             Gabriel S. Barenfeld

        GREENE, BROILET & WHEELER LLP
        Christine D. Spagnoli

        LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
        Troy A. Rafferty (PHV)
        trafferty@levinlaw.com
        316 S. Baylen St., Suite 600
        Pensacola, FL 32502
        Tel: (850) 435-7140
        Fax: (850) 436-6140

4835-2348-8763.1

*Attorneys for Plaintiff Margaret Stevens and the Proposed Class*

\* Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing content and has authorized this filing.

DATED: September 20, 2021        /s/ Gabriel S. Barenfeld
                                 Gabriel S. Barenfeld