1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MARGARET STEVENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRITAX CHILD SAFETY, INC.,<br><br>Defendant. | Case No.: 2:20-cv-07373-MCS-AS<br><br>CLASS ACTION<br><br>**TENTATIVE ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND AWARDING CLASS REPRESENTATIVE SERVICE AWARD, ATTORNEYS' FEES AND EXPENSES AND PAYMENT OF SETTLEMENT ADMINISTRATOR'S COSTS** |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREAS,** the Court has considered the Settlement Agreement (Settlement Agreement Ex. "A", ECF 64-5), all papers submitted in support of or opposition to Final Approval, and all papers submitted in support of or opposition to Settlement Class Counsel's motion for a service award to the Settlement Class Representative and for an award of attorneys' fees and expenses and payment of the Settlement Administrator's costs, as well as all files, records, and proceedings in this Lawsuit.

**WHEREAS,** the Defendant gave notice of the Settlement via First Class Mail on required federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), on November 18, 2022. As a result, the ninety (90) day period by which any such governmental officials are to file any objections to the Settlement will expire on February 16, 2023.

**WHEREAS,** the Parties have agreed that the Final Approval Order shall not be effective until February 26, 2023, ten days after the objection deadline. In the event that any governmental official files an objection to the Settlement, Settlement Class Counsel shall file their response within ten (10) days of receipt of the objection(s) and the Court shall thereafter review and consider the objection(s) and response and either set a hearing on the objection(s) or issue a ruling without the need for a hearing.

**THEREFORE**, the Court tentatively approves the following as the class action settlement, the class action representative service award, the attorneys' fees and expenses, and payment of the settlement administrator's costs. In the event no objections to the Settlement are filed by any governmental officials, the parties shall file a joint motion, after February 16, 2023, requesting entry of the Final Approval Order. The parties may also file a joint motion at any point if they believe the following tentative order does not accurately reflect the settlement agreement.

///

///

///

***

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this Lawsuit and all matters relating to the Settlement, as well as personal jurisdiction over the Settlement Class Representative, the Settlement Class members and Defendant Britax Child Safety, Inc. ("Britax").

3.      The Court finds that the Notice was implemented in accordance with the Preliminary Approval Order and (a) constituted the best practicable notice under the circumstances; (b) constituted notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Lawsuit, their right to participate in the Settlement and to submit a claim if necessary, their right to object to any aspect of the Settlement and/or Settlement Class Counsels' motion for Attorneys' Fees and Expenses and Service Award to the Settlement Class Representative, their right to exclude themselves from the Settlement Class, their right to appear at the Final Approval Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

4.      The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied.  The Court certifies the following Settlement Class for purposes of Settlement only:

> All persons who when they were residents of California purchased for personal or household use a new Frontier ClickTight Harness-2-Booster Seat or Pioneer Harness-2-Booster Seat (the "Class Child Seats"), at any time from August 14,

2016 up to and including August 20, 2020, and the seat has a manufacturing date from August 14, 2016 to no later than September 30, 2019.

Excluded from the Settlement Class are: (a) Britax and its board members, executive-level officers, attorneys, and immediate family members of any such persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; (d) any person who purchased a Class Child Seat that caused an injury or death or any person asserting a claim for injury or wrongful death as a result of the use of a Class Child Seat; and (e) any person who timely and properly excludes himself or herself from the Class.

5.     Class Plaintiff Margaret Stevens ("Settlement Class Representative") is hereby appointed, for settlement purposes, as the representative of the Settlement Class in accordance with Federal Rules of Civil Procedure, Rule 23.

6.     Gretchen M. Nelson and Gabriel S. Barenfeld of Nelson & Fraenkel LLP, Christine Spagnoli of Greene Broillet & Wheeler, LLP and Troy Rafferty of Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.C. are hereby appointed as counsel for the Settlement Class ("Settlement Class Counsel") in accordance with Federal Rules of Civil Procedure, Rule 23.

7.     In evaluating a proposed class action settlement under Federal Rule of Civil Procedure 23(e), the standard is whether the settlement "is fundamentally fair, adequate, and reasonable." Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among others:

a.     There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and several mediation sessions with a respected mediator warranting a presumption in favor of approval. *See, e.g., Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods.*

1  *Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a
2  factor weighing in favor of a finding of non-collusiveness).

3     b. The complexity, expense, and likely duration of the litigation
4  favor settlement – which provides meaningful benefits on a much shorter time frame
5  than otherwise possible – on behalf of the Settlement Class members.  *See, e.g., Lane*
6  *v. Facebook, Inc.,* 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's
7  approval of a settlement where class counsel "reasonably concluded that the
8  immediate benefits represented by the Settlement outweighed the possibility –
9  perhaps remote – of obtaining a better result at trial"); *Class Plaintiffs v. City of*
10  *Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial
11  policy that favors settlements, particularly where complex class action litigation is
12  concerned").  Based on the stage of the proceedings – including a Rule 12 motion and
13  forthcoming class certification briefing – and the amount of investigation and
14  discovery conducted, the Parties have developed a perspective on the strengths and
15  weaknesses of their respective cases in order to "make an informed decision about
16  settlement."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000)
17  (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

18     c. The support of Settlement Class Counsel and the Settlement Class
19  Representative, who have participated in this litigation and evaluated the proposed
20  Settlement, also favor final approval.  *Boyd v. Bechtel Corp.,* 485 F.Supp. 610, 622
21  (N.D. Cal. 1979).

22     d. The Settlement provides meaningful relief to the Settlement Class,
23  including cash relief and informative disclosures, and certainly falls within the range
24  of possible recoveries by the Settlement Class members.

25    8. The Releases set forth in Paragraph 14 of the Settlement Agreement are
26  expressly incorporated herein in all respects.  The Releases are effective as of the
27  Final Effective Date. Accordingly, the Court orders pursuant to this Order, as of the
28  Final Effective Date of the Settlement, and as provided in the Settlement Agreement,

that the Settlement Class Representative and Settlement Class members release any and all actual or potential claims, complaints, demands, damages, debts, liabilities, proceedings, remedies, counterclaims, actions, causes of action, suits, cross-claims, third party claims, contentions, allegations, assertions of wrongdoing, and any demands for injunctive relief or any other type of equitable or legal relief, whether known or known, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, discovered or undiscovered, brought or that could be brought against any of the Released Defendants, and that are based on one or more of the same factual predicates as the Lawsuit, in any court, tribunal, forum or proceeding.  It is expressly ordered that any claims for personal injuries or wrongful death are not released.

9.    There have been no timely and valid Requests for Exclusion, so all Settlement Class Members are bound by the terms of the Settlement Agreement or this Order.

10.    The Court finds that an award of Attorneys' Fees in the amount of $210,000 and reimbursement of expenses in the total amount of $19,629.53 to Class Counsel is fair and reasonable and therefore approves such award.  Settlement Class Counsel has the sole and absolute discretion to allocate this award to Settlement Class Counsel.  No other counsel will be entitled to an independent award of attorneys' fees or expenses.

11.    The Court finds that a Service Award in the amount of $3,000 to the Settlement Class Representative is fair and reasonable and therefore approves such payment.  Such amount shall be paid to the Settlement Class Representative pursuant to and consistent with the terms of the Settlement Agreement.

12.    The Court approves the costs and expenses of the Settlement Administrator which are to be paid by the Defendant.

13.    The Lawsuit and all claims asserted in the Lawsuit is settled and will be dismissed on the merits with prejudice.

14.     The Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms therefor and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

15.     Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over the Lawsuit, the Settlement Class Representative, members of the Settlement Class, and Britax to enforce the terms of the Settlement, the Court's order preliminarily certifying the Settlement Class, and this Order.  In the event that any applications for relief are made, such applications shall be made to the Court.  To avoid doubt, this Order applies to and is binding on the Parties, the Settlement Class members and their respective heirs, successors and assigns.

16.     The Settlement and this Order are not admissions of liability or fault by the Released Parties, or a finding of the validity of any claims in the Lawsuit or of any wrongdoing or violation of law by the Released Parties.  To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

IT IS SO ORDERED.

Dated: December 12, 2022

_____
Hon. Mark C. Scarsi
United States District Judge